**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-80015-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CORY LLOYD and STEVEN STRONG,

    Defendants.
_____/

## ORDER DENYING LLOYD'S MOTION TO COMPEL AND DEFERRING RULING ON GOVERNMENT'S CROSS-MOTION TO EXCLUDE EVIDENCE AND ARGUMENT

THIS CAUSE is before the Court on Defendant Corey Lloyd's Motion to Compel, filed on October 5, 20225. (DE 88). The Motion is fully briefed. (DE 113, DE 114).

The Defendants are charged with defrauding the federal government by enrolling ineligible consumers for government-subsidized health insurance plans. Defendant Lloyd was an executive with the Fiorella Insurance Agency, whose employees allegedly used misleading call scripts and other deceptive means to enroll consumers into subsidized Affordable Care Act plans. The Government intends to call a former Fiorella employee as cooperating witness. The witness was given a proffer letter, but she has not been immunized. Defendant believes that she is not a U.S. citizen and seeks to compel the Government to produce her immigration records (or "A-file") as potential *Brady* and *Giglio* evidence. In support, Defendant asserts that the file may contain evidence that the cooperating witness lied on immigration forms, or may be useful in impeaching her with respect to potential benefits she is deriving from cooperating with the Government.

The Government asserts that the U.S. Citizenship and Immigration Services (USCIS) is not a member of the prosecution team and therefore the Government is not in either actual or

constructive possession of the cooperating witness's A-file, and consequently it is under no obligation to obtain it and produce it to Defendant. Also, in its Response, the Government interjects a cross-motion, seeking to preclude Defendant from offering evidence or argument regarding the immigration status of the cooperating witness.

I will deny Defendant's motion to compel the A-file. The law does not require the Government to affirmatively "seek out" exculpatory information for the defense. *United States v. Walker,* 559 F.2d 365, 373 (5th Cir. 1977). *See also United States v. Markovich,* 95 F. 4th 1367, 1376 (11th Cir. 2024) (the prosecution is not required to "conduct fishing expeditions for the defense" in search of favorable evidence). Rather, the Government must turn over any exculpatory information that is within its possession. And the A-file is not in the Government's possession, nor is the USCIS a member of the prosecution team, as the USCIS is not under the prosecutor's authority. *See Moon v. Head,* 285 F.3d 1301, 1309 (11th Cir. 2002). Moreover, it is not presumed that information in the possession of one government agency is necessarily imputed to another government agency. *Moon* at 1309.

In the Government's cross-motion, it requests that Defendant be precluded from referencing the immigration status of the cooperating witness in any way. The Government maintains that the cooperating witness has not been offered any immigration benefits in exchange for her testimony. It asserts that any line of questioning along these lines would be irrelevant and unduly prejudicial because "her right to be present in this country" (or not to be), might "incite juror passions on a hot-button issue, and have a chilling effect on the witnesses who seek to report or testify about crimes but fear public scrutiny of their immigration status." (DE 113 at 9). Defendant responds that if the cooperating witness is not a citizen, then she may face deportation for her conduct in connection with this fraud scheme, and that through her cooperation with the

2

Government, she "has avoided the life-altering immigration consequences that would flow from criminal charges." (DE 114 at 2).

If the cooperating witness was not truthful in connection with her immigration paperwork, or if she was offered benefits from the Government with respect to her immigration status in exchange for testifying, then I would allow cross examination in those areas. But the mere fact that a witness may not be a U.S. citizen is not in and of itself impeachable, and it does not open the door for a full-scale investigation into immigration status. On the face of the briefing here, there is no factual basis set forth which would warrant the sorts of questions that the defense wants to ask. Accordingly, I am not inclined to permit questions about the cooperating witness's immigration status, but I will defer ruling on this issue until her testimony. Further, I will note that I agree with the Government that the issue of illegal immigration is one that could be prone to elicit strong responses from jurors, and therefore the defense would need to make a compelling showing that the potential relevance of any questioning along these lines would outweigh the potential for unfair prejudice.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendant Lloyd's Motion to Compel (DE 88) is **DENIED.**

2. Ruling is hereby **DEFERRED** on the Government's cross-motion to preclude evidence or argument regarding the immigration status of the cooperating witness.

**SIGNED** in Chambers at West Palm Beach, Florida, this 2nd day of November, 2025.

Donald M. Middlebrooks
United States District Judge