**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-80015-CR-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CORY LLOYD and STEVEN STRONG,

    Defendants.

_____/

### ORDER ON MOTION TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO VICTIM NEGLIGENCE OR OTHER "BLAME THE VICTIM" DEFENSE TACTICS

THIS CAUSE is before the Court upon the United States' Motion to Exclude Evidence and Argument Relating to Victim Negligence or Similar "Blame the Victim" Defense Tactics. (DE 110), filed on October 10, 2025. Defendants Cory Lloyd and Steven Strong both filed their Responses on October 24, 2025. (DE 122 and DE 121, respectively).

The Government seeks to exclude what they characterize as "(1) any argument or suggestion that, because CMS makes the determination of whether and how much subsidy to award, CMS's determination to award a subsidy means that the policies were not fraudulent or is somehow evidence that Defendants believed the policies were not fraudulent; (2) any argument or suggestion that, because CMS received a copy of a call script during an audit, CMS tacitly approved of the script; and (3) any evidence regarding CMS's post-conspiracy period recission of broker terminations on non-substantive grounds relating to uncertainty regarding the scope [of] CMS's authority to terminate (as opposed to suspend) broker certifications." (DE 110 at 1, 2). The

Government contends that in addition to being irrelevant and misleading to the jury, the evidence "blames victims of the fraud." (*Id.* at 2).

The "blame the victim" defense essentially aims to utilize the victim's negligence or unawareness as a means of foreclosing a defendant's guilt. To be sure, the Eleventh Circuit has in no uncertain terms explained that "a defendant who intends to deceive the ignorant or gullible by preying on their infirmities is no less guilty…. whatever role, if any, a victim's negligence plays as a bar to civil recovery, it makes little sense as a defense under a criminal statute that embraces any scheme or artifice to defraud. A perpetrator of fraud is no less guilty of fraud because his victim is also guilty of negligence." *United States v. Svete*, 556 F.3d 1157, 1165 (11th Cir. 2009) (internal quotation omitted).

The Government seeks to apply that principle to the instant case, but I find that it is inapposite. Certainly, negligence on behalf of the victim cannot displace the defendant's intent. That is a different proposition, however, from the idea that the actions of the victim may inform and contextualize a defendant's intent, which is what Defendants Lloyd and Strong seek to do here. Actions on behalf of CMS are relevant to discerning whether Defendants believed that what they were doing was unlawful and whether they were on notice of wrongful conduct. That is not necessarily incongruous with the principle that a defendant is not permitted to "blame the victim" as a means of absolving himself from criminal liability. (DE 110 at 6, 7). Accordingly, the Government's first two disputed sources of evidence are plainly admissible without blaming the victim.

As it relates specifically to CMS' recission of agent broker terminations in 2025, the Government contends that Lloyd's 2025 termination recission both postdates the alleged conspiracy and was part of a broader wave of recissions where, based on "the government's

2

understanding," CMS had "overstepped by terminating their certifications in the absence of a 'finding or determination' of fraud or abusive conduct." (*Id.* at 10, 11). The recissions do not explain why CMS took that course of action. (*Id.* at 10). The Government's argument is consequently conjectural in nature and the argument therefore goes to the weight of the evidence, not its admissibility. Thus, the issue is best dealt with not by excluding the evidence, which could be probative of Lloyd's good faith and intent, but instead by permitting the Government to subject the testimony to robust cross-examination. Defendants state that they plan to use the evidence to "show that CMS ultimately reached the correct conclusions that Defendant did not commit wrongdoing or violate ACA Marketplace rules." (DE 122 at 5). However, I am likely to permit Defendants to present this evidence only to the extent it would shed light on their intent, not as substantive proof of the lawfulness of their actions.

Accordingly, it is **ORDERED** that the Government's Motion (DE 110) is **DENIED**. **SIGNED** in Chambers at West Palm Beach, Florida, this 3rd day of November, 2025.

Donald M. Middlebrooks
United States District Judge