UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

    Plaintiff,

v.

CORY LLOYD,
STEVEN STRONG,

    Defendants.

Case No. 25-CR-80015

## CORY LLOYD'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Defendant, Cory Lloyd, by and through undersigned counsel, respectfully submits these proposed, supplemental jury instructions as set forth herein.

Dated: November 12, 2025

Respectfully Submitted,

**STUMPHAUZER KOLAYA
NADLER & SLOMAN, PLLC**
2 S. Biscayne Blvd., Ste. 1600
Miami, Florida 33131
Tel.: (305) 614-1400

*/s/ Ryan K. Stumphauzer*
Ryan K. Stumphauzer (FBN: 12176)
rstumphauzer@sknlaw.com

Matthew DellaBetta (FBN: 1031216)
mdellabetta@sknlaw.com

*Counsel for Defendant Cory Lloyd*

**Defendant Lloyd Proposed Jury Instruction**

**Fla. Stat. § 626.9541 (1)(m)(1)(a)**

Under Florida law, a licensed insurer or its agent is permitted to advertise and provide certain promotional gifts.

The law allows a licensed insurer or its agent(s) from giving to insureds, prospective insureds, or others any article of merchandise, goods, wares, store gift cards, gift certificates, event tickets, anti-fraud or loss-mitigation services, or other items having a total value of one hundred dollars ($100) or less per insured or prospective insured in any calendar year.

Accordingly, should you find that the defendants or their agents provided promotional gifts to insureds or prospective insureds, such conduct is lawful and does not constitute a violation of Florida law, provided that the total value gifted to each insured or prospective insured did not exceed one hundred dollars ($100) in any calendar year.

*Source and Authority:* § 626.9541(1)(m)(1)(a), Florida Statutes. Federal courts must take judicial notice of state law. *See Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1264 n.3 (11th Cir. 2020) (citing *Lamar v. Micou*, 114 U.S. 218, 223 (1885) ("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof.")). Further, a state statute constitutes a legislative fact, and is therefore not bound by Federal Rule of Evidence 201. *See, e.g.*, *United States v. Saylor*, 626 F. App'x 802, 805 (11th Cir. 2015) (judicial notice of a New York statute was notice of a legislative fact). Accordingly, when a district court judicially notices a legislative fact, it is not required to instruct the jury that it may decline to accept the noticed fact. *Id.; United States v. Chapman*, 692 F. App'x 583, 584–85 (11th Cir. 2017) (explaining that when a court takes judicial notice of a legislative fact, "it was not required to abide by the constraints of Rule 201(f)" or to provide a limiting instruction).

**Corys Lloyd's Proposed Jury Instruction**

Theory of Defense Instruction

Cory Lloyd respectfully requests that the following instruction be given as his theory of defense instruction. *See United States v. Opdahl*, 930 F.2d 1530 (11th Cir. 1991) (reversing conviction for not giving theory of defense instruction); *United States v. Ruiz*, 59 F.3d 1151 (11th Cir. 1995) (same); *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016) (same).

Cory Lloyd's theory of defense is that the Government has failed to prove beyond a reasonable doubt that Cory Lloyd had the required intent to defraud or willfulness to commit any of the offenses charged in the Superseding Indictment. The evidence presented at trial must be viewed through the lens of Cory Lloyd's good faith in conducting the business of Fiorella Insurance Agency. Although Cory Lloyd's actions or business judgment might be questioned or second guessed, none of Cory Lloyd's actions were accompanied by an intent or willfulness to defraud.