UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 25-CR-80015

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CORY LLOYD,
STEVEN STRONG,

    Defendants.
_____/

## CORY LLOYD'S REQUEST FOR JUDICIAL NOTICE

Cory Lloyd, by and through undersigned counsel, and Pursuant to Rule 201 of the Federal Rules of Evidence, hereby requests that the Court take judicial notice of facts that are not subject to reasonable dispute. **Exhibit A**, attached to this request, contains a complete and accurate copy of § 626.9541, Fla. Stat. Specifically, Mr. Lloyd requests that the Court take judicial notice of § 626.9541(1)(m)(1)(a), which states as follows:

> (m) *Advertising and promotional gifts and charitable contributions permitted*
>
> 1. The provisions of paragraph (f), paragraph (g), or paragraph (h) do not prohibit a licensed insurer or its agent from:
>
> a. Giving to insureds, prospective insureds, or others any article of merchandise, goods, wares, store gift cards, gift certificates, event tickets, anti-fraud or loss mitigation services, or other items having a total value of $100 or less per insured or prospective insured in any calendar year.

The Superseding Indictment alleges that the Defendants paid "bribes" to consumers to induce them to enroll in Affordable Care Act ("ACA") plans. *See, e.g.*, [D.E. 79 at 8, ¶ 3]. During the trial, the Government has repeatedly presented evidence regarding this issue. Mr. Lloyd

1

requests that the Court take judicial notice of § 626.9541, Fla. Stat., because the statute bears directly on this issue.

Federal courts must take judicial notice of state law. *See Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1264 n.3 (11th Cir. 2020) (citing *Lamar v. Micou*, 114 U.S. 218, 223 (1885) ("The law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof.")). Further, a state statute constitutes a legislative fact, and is therefore not bound by Federal Rule of Evidence 201. *See, e.g.*, *United States v. Saylor*, 626 F. App'x 802, 805 (11th Cir. 2015) (judicial notice of a New York statute was notice of a legislative fact). Accordingly, when a district court judicially notices a legislative fact, it is not required to instruct the jury that it may decline to accept the noticed fact. *Id.: United States v. Chapman*, 692 F. App'x 583, 584–85 (11th Cir. 2017) (explaining that when a court takes judicial notice of a legislative fact, "it was not required to abide by the constraints of Rule 201(f)" or to provide a limiting instruction).

## **CONCLUSION**

For the foregoing reasons, Cory Lloyd respectfully request that the Court take judicial notice of § 626.9541, Fla. Stat., attached as Exhibit A.

Respectfully submitted,

/s/ *Matthew DellaBetta*
Matthew DellaBetta, Esq.
Florida Bar No. 1031216
Ryan Stumphauzer, Esq.
Florida Bar No. 12176
rstumphauzer@sknlaw.com
Stumphauzer Kolaya Nadler & Sloman, PLLC
One Biscayne Tower
2 South Biscayne Boulevard, Suite 1600
Miami, FL 33131
Tel: (305) 397-0824

*Attorneys for Cory Lloyd*

## **CERTIFICATE OF SERVICE**

I HERBY CERTIFY that on November 12, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, causing a copy to be served on all counsel of record via Notice of Electronic Filing.

By: */s/ Matthew DellaBetta*
Matthew DellaBetta