UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CR-80015-MIDDLEBROOKS/MATTHEWMAN

UNITED STATES OF AMERICA

v.

CORY LLOYD and
STEVEN STRONG,

      **Defendants.**

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

      The United States of America, through undersigned counsel, hereby opposes Defendant Cory Lloyd's request for judicial notice of a portion of a Florida Statute that does not apply to this case. The portion of the statute requested to be admitted should be excluded under Federal Rules of Evidence 401 and 403.

      First, the portion of the Florida Statute relied upon by the defense is irrelevant to this case because it only permits giveaways and freebies made available to the general public that are untethered to the sale of a specific insurance plan. In other words, it may be legal to set up a table with Florida Blue or Fiorella mugs, stickers, and pens and allow potential customers to take these items, provided that such giveaways are available to anyone and not offered to induce enrollment in an insurance plan. There is no evidence of such giveaways or freebies in this case.

      Subsection (m) does not permit giving cash or gift cards as an inducement to enter into an insurance contract. Indeed, doing so is prohibited in Florida. Section 626.9541(h)1b prohibits "paying, allowing, or giving, or offering to pay, allow, or give, directly or indirectly, as inducement to such insurance contract, … any valuable consideration or inducement whatever not specified in

1

the contract." The government consulted with an expert from the Department of Financial Services before trying this case, who informed the government that giving out $5 or gift cards in exchange for signing someone up for insurance is not permitted and that the types of things that are permitted are giveaways of swag and similar items to the general public, provided they are not used to induce the consumer to enroll in an insurance product. The government disclosed this to the defense in its supplemental expert disclosure for a DFS witness on October 20. Lloyd's motion fails to point this out to the Court.

The portion of the statute cited by the defense is irrelevant for the additional reason that there is no evidence that Cory Lloyd (or anyone) was relying on subsection (m) to justify the bribing of consumers. There is no evidence that Lloyd, even mistakenly, believed that the marketers could pay consumers to enroll. In fact, the defense has taken the contrary position in this trial—namely, that the marketers were told to stop paying people.

Finally, taking judicial notice of irrelevant portions of section 626.9541, including subsection (m), is likely to mislead and confuse the jury. The portion cited by the defense will no doubt be used in closing arguments to suggest to the jury that bribing consumers to enroll in insurance plans is permitted in Florida, or at least that the defendants thought it was. Putting in an inapplicable piece of legislation as evidence is highly prejudicial. The only relevant portion of 626.9541 is subsection (h), which provides that payments to induce someone to enter into an insurance contract are not permitted.

Therefore, the government requests that the motion be denied. In the alternative, if the Court permits Lloyd to put subsection (m) into evidence, then the government requests that the Court take judicial notice of subsection (h) as well, which is the section relevant to the conduct at issue.

Dated: November 13, 2025

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

LORINDA LARYEA, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: */s/ Jamie de Boer*
Jamie de Boer
Florida Special Bar No. A5502601
Assistant Chief

D. Keith Clouser
Florida Special Bar No. A5502882
Trial Attorney

United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, NW
Washington, DC 20005
Tel.: (202) 304-6801 (de Boer)
Tel.: (202) 256-0867 (Clouser)
Jamie.deBoer@usdoj.gov
David.Clouser@usdoj.gov

### **CERTIFICATE OF SERVICE**

I hereby certify that, on November 13, 2025, I served and filed the foregoing document with the Clerk of the Court via ECF.

By: */s/ Jamie de Boer*
JAMIE DE BOER
Assistant Chief
United States Department of Justice
Criminal Division, Fraud Section